**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL CACATZUM-SANCHEZ, | No. 12-70669 |
| Petitioner, | Agency No. A088-514-224 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Rafael Cacatzum-Sanchez, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Cacatzum-Sanchez's contention that changed circumstances excused the untimely filing of his asylum application because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We also lack jurisdiction to review Cacatzum-Sanchez's procedural due process claims related to translation problems, exclusion of testimony and alleged IJ bias, and his ineffective assistance of counsel claim. *See id.*

Cacatzum-Sanchez testified he did not report his neighbors' attack to the police. Cacatzum-Sanchez's cousin, a local government official, testified at the hearing that he would have been able to help Cacatzum-Sanchez had he known about the incident. The record does not compel the conclusion that the Guatemalan government is unable or unwilling to protect Cacatzum-Sanchez from harm by his neighbors. *See Rahimzadeh*, 613 F.3d at 920-21. Accordingly, his withholding of removal claim fails.

12-70669

Substantial evidence supports the agency's denial of CAT relief because Cacatzum-Sanchez did not establish that he will be tortured by the Guatemalan government or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to consider Cacatzum-Sanchez's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**